IN THE UNITED STATES DISTRICT COURT

STEVEN E. TARPLEY
North Branch Correctional Inst.
14100 McMullen Highway S.W.
Cumberland, Maryland
21502

FILED ___ ENTERED
LODGED ___ RECEIVED

MAY 06 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Civil Action No. _____

- v -

LA TRICIA TAYLOR; SCOTT
S. OAKLEY; AND PAULA R.
WILLIAMS, Maryland Department
of Public Safety and Correctional
Services, 6776 Reisterstown Rd.
Baltimore, Maryland, 21215
  Defendants

\* \* \* \* \*

CIVIL RIGHTS COMPLAINT

Plaintiff Steven E. Tarpley, pro-se pursuant to section 1 of the Civil Rights Act of 1871, "THE KU-KLUX-KLAN ACT" hereby sues the above named parties, and for his causation states:

(1)

# INTRODUCTION

1) This is a civil rights action being brought against LaTricia Taylor, Paula R. Williams, and Scott S. Oakley for acts and/or omissions violative of Plaintiff Steven E. Tarpley's rights guaranteed under BOTH the United States Constitution and the Commonlaws of Maryland;

2) Plaintiff is seeking: Compensatory and Punitave Damages; Disgourgement (Restoration of Revoked G.C.C.); Declaratory Relief, as well as Injunctive Protection from any overt and retaliatory action by Defendants or their agents;

3) Plaintiff complains that (i) Disciplinary rules were deliberately and maliciously given overly broad construction in order that Plaintiff would serve disciplinary sanctions; (ii) Plaintiff was deliberately, dishonestly refused his due process right to appeal the decision; and (iii) This refusal results from a willful and malicious abuse of process.

# STATEMENT OF FACTS

4) This Complaint, and the acts and/or omissions complained of herein, result from a letter admittedly written by Plaintiff and sent to CDS Lt. Yacenech complaining of

(2)

the off color remarks made by Lt. Ellsworth when Plaintiff had brought another inmate's legal work to the kitchen where both Plaintiff and Mr. Aken worked. Plaintiff in his letter to Lt. Yacenech asked that he would see that Ellsworth would "... leave his racial biggoted comments and attitude back home on that 'little postage stamp' of property he inhabits at 11&2 Bryntwood Road in Cumberland."

5) Lt. Ellsworth, after seeing this letter to Yacenech, wrote a report charging Plaintiff with "use of threatening Language"; Under COMAR 12.02.27.04.I "Threatening Language" is defined as "A use of language that implies intimidation, coercion, or a threat of harm toward an individual or property". Exhibit-1

6) In spite of the non-conformance of the language complained of to the strictures of the rule, Defendant Taylor credited the report, and arrogantly imposed sanctions of 180 days segregation, Revocation of 120 GCC. Exhibit-2.

7) Plaintiff noted a timely appeal to the Warden Bobby P. Shearin Exhibit-3 (Mailroom Reciept) whom perfunctorly affirmed the Hearing Officer's decision, Exhibit-4, and Plaintiff timely filed a Grievance with the Inmate Grievance Office, Exhibit-5.

8) In mid July 2012 Plaintiff recieved a request from Defendant Associate director Paula Williams where she demanded that Plaintiff must... provide a copy of all missing disciplinary paperwork within 30 days of the date of this letter. If we have not recieved a copy of this paperwork or other appropriate response within 30 days your grievance will be dismissed pursu--ant to C.S.§ 10-207(b)(1). as wholly lacking in merit without further notice to you. Exhibit-6.

9) Plaintiff, not recognizing Exhibit-6 as a deception, provided the documents that Defendant Associate Director demanded, and because he was on Seg. did not have the time to wait a week for photocopies, and sent Ms. Williams the origonals. Exhibit-7. Of all the other times that the mailroom faithfully returned reciept upon request, this one time.

10) After Plaintiff realized that he should inquire of the I.G.O. because the sixty (60) days allowed by statute had just about expired, he sent a request to the Executive Director, Inmate Grievance Office asking about his grievance, Exhibit-8, and this time the Mail Room had provided a reciept as requested. Exhibit-9.

## COUNT-I.

Defendant LaTricia Taylor did Knowingly, willfully and corruptly credit the Lt. Ellsworth's report as stating a violation of Disciplinary Rule 104 violating Plaintiff's rights guarenteed by Art. 24 of the Maryland Declaration of rights.

## COUNT-II

Defendant LaTricia Taylor did Knowingly, willfully and corruptly credit Lt. Ellsworth's report as stating a violation of Disciplinary Rule 104 violating Plaintiff's right under the Fourteenth Amendment to the United States Constitution to an "Impartial Tribunal".

## COUNT III

Defendant Paula R. Williams did Knowingly, willfully and corruptly Obstruct and/or deny my right to appeal guarenteed by Art. 19, and 24 of the Maryland Declaration of Rights.

## COUNT IV

Defendant Paula R. Williams did knowingly, willfully and corruptly obstruct Plaintiff's lawful right of access to the Court guarenteed by the First and Fourteenth Amendments to the United States Constitution.

## COUNT-V

Defendant Scott S. Oakley did knowingly, willfully and corruptly fail to act in the face of a duty to act, denying Plaintiff his right to remedy guarenteed by Art. 19 of the Maryland Declaration of Rights.

## COUNT VI

Defendant Scott S. Oakley did knowingly, willfully and corruptly obstruct Plaintiff's access to the Court guarenteed by the First and Fourteenth Amendments to the United States Constitution.

## RELIEF

I. Plaintiff is seeking $100.00 per day, against Defendant LaTricia Taylor for each and every of the 180 days she imposed after knowingly, willfully and corruptly crediting a disciplinary report that did not amount to a violation of the rule charged;

II. Plaintiff is seeking PUNITAVE DAMAGES against Defendant LaTricia Taylor for the knowing, willful, and malicious nature of her actions in the amount of $5,000.00;

III. Plaintiff is seeking COMPENSATORY DAMAGES against Defendant Paula R. Williams to cover time, materials, photocopying and aggrivation she caused through her knowing, willful and corrupt failure to abide by the regulations that govern the processing of Grievance Submissions, in the amount of $1500.00.

IV. Plaintiff is seeking PUNITAVE DAMAGES against Defendant Paula R. Williams in the amount of $5,000.00 for the knowing willful, and malicious deception carried out contrary to the "legeslative intent" of the Inmate Grievance Commission Act, now "Inmate Grievance Office"; which is to provide a "... simple workable procedure by which every person in confinement who has, or thinks he has a grievance or complaint 'can be heard promptly, fairly, and fully".

V. Plaintiff is seeking <u>COMPENSATORY DAMAGES</u> against Defendant Scott S. Oakley in the amount of $1500.00 for his Knowing, willful and malicious failure to "... aknowledge reciept of the grievance, docket the grievance, and refer the complaint to the Office of Administrative Hearings". <u>C.S.S 10-207</u>, <u>COMAR 12.07.01.04.A,2</u>.

VI. Plaintiff is also seeking <u>PUNITAVE DAMAGES</u> against the Defendant Scott S. Oakley in the amount of $5,000.00 for his Knowing, willful, deliberate and Malicious acts and/or omissions to act complained of herein.

VII. Plaintiff also seeks <u>DECLARATORY RELIEF</u> and asks that this Court may find as a matter of fact that Defendants LaTricia Taylor, Paula R. Williams, and Scott S. Oakley had: "Enguaged in intentional Misconduct, without justification, which injures another person, causes damage to property, or threatens the safety of the workplace; and Being unjustifyably offensive in the employee's conduct toward fellow employees, wards of the State, or the public..."
And send a Certified Copy of this finding to the appointing authority for disciplinary action.

# VERIFICATION

I, Steven E. Tarpley, Plaintiff in the forgoing matter do certify that I have read the claims made hereinabove, and hereby swear and affirm under the penalties of perjury that these are true and correct based upon personal knowledge.

Respectfully Submitted

s/ *Steven E. Tarpley*

Steven E. Tarpley #307233
North Branch Correctional Inst.
14100 McMullen Highway, S.W.
Cumberland, Maryland
21502