# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN E. TARPLEY, #307233 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-13-1332 |
| LATRICIA TAYLOR, SCOTT S. OAKLEY, and PAULA R. WILLIAMS | * | |
| Defendants | * | |

***

## MEMORANDUM

The above-captioned case was filed on May 6, 2013, together with a Motion to Proceed In Forma Pauperis. ECF No. 2. Because he appears to be indigent, Plaintiff's Motion shall be granted. For the reasons set forth below, the Complaint must be dismissed.

Plaintiff, an inmate confined to North Branch Correctional Institution ("NBCI"), was found guilty of threatening a correctional employee after sending a letter to Lt. Yacenech stating that Lt. Ellsworth ("Ellsworth") should "leave his racial bigoted comments and attitude back home on that little postage stamp of property he inhabits at 1122 Bryntwood Road in Cumberland." ECF No. 1 at p. 3. Plaintiff states the letter was his complaint to Lt. Yacenech regarding "off color remarks" made by Ellsworth when he brought another inmate's legal work to the kitchen where both men were assigned to work. Id. Plaintiff claims that the language used in the letter does not fit the definition of "threatening language" under COMAR 12.02.27.04(I) that defines it as "use of language that implies intimidation, coercion, or a threat of harm toward an individual or property." Id. He asserts that he was deprived of due process rights because the broad interpretation of "threatening language" relied upon by the hearing officer to find him

guilty deprived him of adequate notice of what constitutes a violation of the rule. Id. at pp. 3 and 5. Plaintiff further asserts he was denied an adequate opportunity to challenge the guilty finding when the Inmate Grievance Office ("IGO") dismissed his grievance regarding the disciplinary proceedings. Id. at p. 4.

A prisoner is entitled to certain due process protections when he faces the possible loss of good conduct credits in prison disciplinary proceedings. See Wolff v. McDonnell, 418 U.S. 539 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence, when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. See Wolff, 418 U.S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). The mere fact that a DOC rule governing adjustment hearings was violated does not necessarily mean there was a due process violation. See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1456 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); see also Ewell v. Murray, 813 F.Supp. 1180, 1183 (W.D.Va. 1995) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due.").

The fact that Plaintiff's letter referenced the home address of a correctional employee is "some evidence" to support a guilty finding for use of threatening language. It strains credulity to suggest that Plaintiff was unaware of the inherent threat stated when he included a staff member's home address in his letter. See ECF No. 1 at Ex. 1 (adjustment hearing record). If the threat may be categorized as veiled, it is only thinly veiled. Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F.Supp.

1371, 1376 (E.D.Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy. Because the guilty finding is supported by evidence in the record, it will not be disturbed.

To the extent Plaintiff is raising an access to courts claim with respect to the IGO's dismissal of his appeal, the claim is equally without merit. Plaintiff must establish that his underlying claim was "nonfrivolous" or "arguable." Christopher v. Harbury, 536 U.S. 403, 415 (2002). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show the 'arguable' nature of the underlying claim is more than hope." Id. at 416 (footnote omitted). A prisoner's right to access the courts does not include the right to present frivolous claims. Lewis v. Casey, 518 U.S. 343, 353 n. 3 (1996). Plaintiff cannot establish his underlying claim was not frivolous or that it was arguable.

Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed as frivolous. For the reasons stated, this case will be dismissed by separate order.

May 24, 2013                                                /s/
                                                            _____
                                                            George L. Russell, III
                                                            United States District Judge